UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-CV-24499-JLK

MARIE NEWELL,

    Plaintiff,

v.

CARNIVAL CRUISE LINES,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant CARNIVAL CRUISE LINES' Motion to Dismiss or in the Alternative for Final Summary Judgment (the "Motion") (DE 10), filed February 17, 2016.[1]

### BACKGROUND

This action arises from injuries sustained by Plaintiff Marie Newell on April 16, 2012, while she was a passenger on a cruise ship owned and operated by Defendant. In her Complaint (DE 1), Plaintiff alleges that she sustained substantial injuries while disembarking the cruise ship and making her way through U.S. Customs, when she tripped and fell over a metal stand improperly placed in the walking area. Plaintiff alleges that the accident and injuries sustained were caused solely by the negligence of Defendant.

---

[1] The Court has additionally considered Plaintiff's Memorandum in Opposition to Defendant's Motion (DE 11), filed March 1, 2016, and Defendant's Reply in Support of the Motion (DE 12), filed March 11, 2016.

1

Paragraph 12 of plaintiff's passenger ticket contract contains provisions regarding Jurisdiction, Venue, and Time Limits for Claims. DE 10-2. Section 12(a) states that Defendant must be notified within 185 days of any injury, event, illness or death giving rise to a claim. *Id.* Further, Plaintiff must file any claims against Defendant within a one-year limitations period. See *Id.* Section 12(c) of the contract provides that all disputes and matters arising under the contract shall be litigated before the United States District Court for the Southern District of Florida in Miami. *Id.*

On April 23, 2012, Plaintiff timely notified Defendant of the incident. On March 6, 2013, Plaintiff filed a timely personal injury claim against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On April 18, 2013, forty-three days after Plaintiff filed her Complaint and two days after the expiration of the one-year limitations period, Defendant filed a motion to dismiss alleging improper venue.

The state court granted Defendant's motion to dismiss without prejudice. Plaintiff filed an amended complaint. Defendant again filed a motion to dismiss for improper venue. The state court again granted Defendant's motion, and Plaintiff appealed. On November 18, 2015, the Third District Court of Appeals affirmed the trial court's dismissal. On December 7, 2015, Plaintiff filed the instant action in the Southern District of Florida, and Defendant now seeks dismissal of Plaintiff's claim on statute of limitations grounds.

## LEGAL STANDARD ON MOTION TO DISMISS

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the

claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## DISCUSSION

Defendant argues that Plaintiff's action is contractually time-barred because it was filed beyond the one-year time limitation provided in her ticket contract. Defendant further argues that Plaintiff is not entitled to equitable tolling of the limitations period because she filed her claim in state court and failed to diligently pursue her claim. In response, Plaintiff argues that the Court should equitably toll the limitations period because, although she filed a technically defective pleading in state court, she exercised proper diligence in pursuing her claim.

Equitable tolling may be appropriate when a plaintiff timely files a technically defective pleading in the wrong forum and in all other respects acts with the proper diligence which statutes of limitations were intended to insure. *Booth v. Carnival Cruise Lines*, 522 F.3d 1148, 1150 (11th Cir. 2008). In *Booth*, the plaintiff's wrongful death action arose from a fatal scuba diving accident that occurred when the decedent was a passenger of a cruise ship owned and operated by Carnival. *Id.* at 1149. As in the instant case, the decedent's cruise ticket contained several provisions governing his estate's right to sue Carnival, including written notification to Carnival of any claim within 185 days of injury or death, and a one-year limitation period within which any suit must be commenced. *Id.* The ticket also contained a forum-selection clause, which specified the District Court for the Southern District of Florida as the appropriate venue. *Id.*

Although Booth timely notified Carnival of his claim and timely filed in state court, the state court granted Carnival's motion to dismiss for improper venue based on the ticket contract's forum selection clause. *Id.* at 1150. Booth then filed a new action in federal court, and Carnival moved to dismiss on statute of limitation grounds. The district court held that the contractual limitation period was subject to equitable tolling. *Id.* On appeal, the 11th Circuit affirmed, reasoning that the diligent prosecution of Booth's suit in state court justified the equitable tolling of the limitation period. *Id.* at 1153.

In the instant case, it is undisputed that the state court which heard Plaintiff's negligence claim had subject matter jurisdiction over the claim, and that the state case was dismissed solely on grounds of improper venue. Moreover, Plaintiff diligently pursued her cause of action. Plaintiff timely notified Defendant of her claim within 185 days of her injury, and timely filed her claim in state court. Plaintiff also acted upon a good-faith belief

4

that the proper venue for this action was state court rather than federal court. Based on the foregoing reasons, the Court finds that equitable tolling of the limitations period is warranted, and the Motion must be denied.

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that CARNIVAL CRUISE LINES' Motion to Dismiss **(DE 10)** be, and the same is, hereby **DENIED** and Defendant shall **ANSWER** the Complaint **(DE 1)** within **twenty (20) days** of the date of this Order.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, Miami, Florida this 28th day of April, 2016.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: All Counsel of Record