# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-24499-CIV-KING/SIMONTON

MARIE NEWELL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court upon Plaintiff's Motion to Compel Response to Request for Production filed on August 26, 2017, ECF No. [37]. The Defendant has filed a response to the Motion, ECF No. [39]. The Plaintiff has not filed a Reply and the time for doing so has elapsed. The Honorable James Lawrence King, United States District Judge, has referred the Motion to the undersigned Magistrate Judge, ECF No. [38].

The Plaintiff has filed the instant Motion to Compel Response to Request for Production seeking to have this Court compel the Defendant to respond to Plaintiff's Request to Produce dated June 2, 2017. According to the Motion, the Request sought the production of documents related to writings and presentations by the Defendant's Independent Medical Examiner, ECF No. [37] at 1. The Plaintiff contends that the Defendant responded to that request on June 27, 2017 by objecting that the requested documents were "remote in time" which Plaintiff contends is not a valid objection.

In its written response to the Motion to Compel, the Defendant contends that the Plaintiff's Motion is untimely pursuant to Local Rule 26.1(g)(1) which requires that disputes relating to discovery be presented to the court within thirty (30) days from the original date of the objection, ECF No. [39]. The Defendant thus contends that the

Plaintiff should have filed the motion no later than August 1, 2017, well before the August 26, 2017 date that her Motion was filed. The Defendant additionally contends that the Plaintiff failed to comply with Local Rule 26.1(g)(2) by failing to state verbatim the specific item to be compelled and the specific objection to the item. Finally, the Defendant contends that if the Plaintiff had complied with Rule 26.1(g)(2), it would be evident from the Motion that the request to produce sought the production of presentations and lectures that the Defendant's Independent Medical Examiner gave more than twenty years ago between the years 1987 and 1996. Defendant thus contends that the Plaintiff's Motion should be denied.

For the following reasons, the Plaintiff's Motion is denied. At the outset, the undersigned notes that the Plaintiff has not filed a Reply to the Defendant's Response and the time for doing so has elapsed. Further, as correctly stated by the Defendant, the Plaintiff's Motion is untimely. The Plaintiff's Motion indicates that the Defendant raised its objection to the Plaintiff's request on June 27, 2017. Thus pursuant to Local Rule 26.1, the Plaintiff's Motion should have been no later than thirty days after that time. Clearly, Plaintiff's filing on August 26, 2017 was untimely and thus, without good cause shown by the Plaintiff for the tardy filing, the Court concludes that the Plaintiff has waived any relief related to the Defendant's objection. *See* Local Rule 26(g)(1) ("Failure to present the dispute to the Court within [thirty days], absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.").

The Plaintiff's Motion also failed to comply with Federal Rule of Civil Procedure 37, which requires that all motions to compel disclosure or discovery include a certification that the movant has in good faith conferred with the party failing to make the

disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The Plaintiff's Motion fails to provide the required certification, and thus the undersigned denies the Plaintiff's Motion on this ground as well.

Finally, the Plaintiff is not entitled to the requested relief because Federal Rule of Civil Procedure 26(a)(2), which sets forth the required disclosures for experts, only requires that the witness provide a list of all publications authored by the expert in the previous 10 years. Fed. R. Civ. P. 26(a)(2)(B)(iv). Thus, the Defendant's expert medical examiner was not required to produce publications more than ten years old pursuant to Rule 26, and the Plaintiff has offered no reason for requiring the Defendant's witness to produce publications more than ten years old in this case.

Accordingly, based upon the record as a whole and as discussed above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Response to Request for Production, ECF No. [37] is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on October 16, 2017.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
The Honorable James Lawrence King,
    United States District Judge
All counsel of record