UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-cv-24499-KING

MARIE NEWELL,

       Plaintiff,
vs.

CARNIVAL CORPORATION,

       Defendant.
_____/

## FINAL SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Defendant Carnival Corporation's Renewed Motion for Final Summary Judgment (DE #47), filed on October 9, 2017. Plaintiff has not filed any response in opposition, and the time for doing so has expired.[1] Upon review of the record and careful consideration, the Court finds that the Defendant's Motion for Summary Judgment should be granted.

### I. Undisputed Facts[2]

This negligence action arises out of personal injuries Plaintiff allegedly sustained in an accident after disembarking one of Defendant's cruise ships in April of 2012. Specifically, Plaintiff claims that she tripped and fell while walking through a pathway created by ropes and stanchions that led to U.S. Customs at the Port of Miami after the subject cruise.

---

[1] Plaintiff's Response in Opposition was due to be filed on or before October 23, 2017. *See* S.D. Fla. L.R. 7.1(c).

[2] The facts as recited herein are drawn from Defendant's Statement of Material Facts, filed pursuant to S.D. Fla. L.R. 56.1(a). Plaintiff has not responded to Defendant's Statement of Material Facts, and accordingly, pursuant to L.R. 56.1(b), those facts which the Court finds are properly supported by citation to record evidence are deemed admitted. The Court has thoroughly reviewed Defendant's Statement, and finds that Defendant has properly supported the facts recited herein with citation to record evidence, namely Plaintiff's own deposition testimony (DE #47-2), and the unrebutted affidavit of one of Defendant's employees (DE #47-1). Accordingly, these facts are undisputed for the Court's consideration of Defendant's Motion for Final Summary Judgment.

1

After disembarking the ship and retrieving her luggage in Cruise Terminal Building C, Plaintiff and her companion walked with other passengers along this rope-and-stanchion pathway inside the terminal building toward U.S. Customs. Plaintiff and the other passengers were all walking in the same direction, and the people walking ahead of Plaintiff were walking at a steady pace. Plaintiff had approximately an arm's length of space between herself and the passenger walking immediately in front of her.

Plaintiff testified that the terminal building was well lit and there was sufficient light for her to see, that the ropes and stanchions were black in color, that she saw the ropes and stanchions before walking toward them, and that she was aware of them while she walked along the pathway. She further testified that she has encountered similar rope-and-stanchion pathways many times when going through security checkpoints at airports. Plaintiff was carrying three bags: a duffle bag in her right hand, her purse in her left hand, and a garment bag slung across her shoulders such that it hung on the left side of her body. Plaintiff and her companion walked side-by-side, with the ropes and stanchions approximately 11.5 inches away on her left, and her companion on her right. Plaintiff made sure that her garment bag did not catch on the ropes and stanchions while she walked.

After passing by a number of ropes and stanchions, Plaintiff claims that the tip of her foot got caught "under something" and she fell, injuring herself in the process. While initially testifying that it was a stanchion that caught the tip of her foot, she later testified that she did not actually see what it was that tripped her. There is no evidence in the record of ropes and stanchions causing any similar accidents either on the date of Plaintiff's accident, or at any other time, and Plaintiff did not report the subject accident to Defendant's employees who were on site and supervising the debarkation process.

## II. Summary Judgment Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers or other materials; or showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1). "In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine material fact and that it is entitled to judgment as a matter of law." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Further, the existence of a "scintilla" of evidence in support of the non-movant's position is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. *Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, a court need not permit a case to go to a jury when the inferences that are drawn from the evidence, and upon which the non-movant relies, are "implausible." *Matsushita*, 475 U.S. at 592–94; *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

3

At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In making this determination, the Court must decide which issues are material. A material fact is one that might affect the outcome of the case. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* The Court must also determine whether the dispute about a material fact is indeed genuine, that is, "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see, e.g., Marine Coatings of Ala., Inc. v. United States*, 932 F.2d 1370, 1375 (11th Cir. 1991).

## III. Discussion

General maritime law applies. *See Keefe v. Bahama Cruise Lines, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). To establish a negligence claim, Plaintiff must show that Defendant had a duty of care, Defendant breached that duty, that such breach was the actual and proximate cause of Plaintiff's injury, and that Plaintiff suffered damages. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015). A cruise ship only has a duty to warn passengers from dangers that it has notice of and may not be apparent to a reasonable passenger:

> [T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition[.]

*See Malley v. Royal Caribbean Cruises LTD*, --- Fed. Appx. ---, 2017 WL 5192361 at *2 (11th Cir. Nov. 9, 2017) (quoting *Keefe*, 867 F.2d at 1322). If the cruise ship did not have notice of the hazardous condition, actual or constructive, or if the hazardous condition is open and obvious to a reasonable person, the ship has no duty to warn. *Id.* To demonstrate notice, Plaintiff must point

4

to previous injuries or show that Defendant had previously warned of the danger. *See Sorrels*, 796 F.3d at 1280. Whether a condition is open and obvious is measured against what a reasonable person would have observed. *See Malley*, 2017 WL 5192361 at *3.

Setting aside Defendant's argument Plaintiff cannot establish what actually caused her to fall, and assuming *arguendo* that it was a stanchion and that the placement of the stanchion was dangerous, there is no evidence in this record establishing that Defendant was on notice of the alleged dangerous condition. Plaintiff has not come forward with any evidence that stanchions had caused similar accidents, either on the date of Plaintiff's alleged accident or at any time prior. And Plaintiff has not come forward with any evidence that Defendant was aware of any similar accidents. Accordingly, because Defendant was not on notice, actual or constructive, of the allegedly dangerous condition, Defendant did not owe Plaintiff any duty to warn of the allegedly dangerous condition of the stanchion.

Moreover, Plaintiff's own testimony establishes that the stanchion placement was open and obvious. She testified that the terminal building was well lit, that she saw the ropes and stanchions after retrieving her luggage and prior to entering the pathway created thereby, she was aware of the ropes and stanchions as she walked along the pathway, took care to keep her garment bag from catching on the ropes and stanchions that were 11.5 inches from her left side as she walked, and had sufficient room in front of her to see the ropes and stanchions. Accordingly, because the placement of the ropes and stanchions was open and obvious, Defendant had no duty to warn of the allegedly dangerous condition created thereby.

IV. **Conclusion**

The undisputed facts show that Defendant was not on notice of the allegedly dangerous condition created by the rope-and-stanchion pathway, and further that any such condition was

5

open and obvious. Accordingly, Defendant had no duty to warn of such condition and cannot be held liable for any negligence related to Plaintiff's alleged injuries.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Carnival Corporation's Renewed Motion for Final Summary Judgment **(DE #47)** be, and the same hereby is, **GRANTED**.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 16th day of November, 2017.

*[Signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **All counsel of record**